UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERRY KOEHLER,

    Plaintiff,

v.                                        Case No. 8:18-cv-2071-T-60AAS

WAYPOINT RESOURCE GROUP, LLC,

    Defendant.
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on "Plaintiff's Motion for Summary Judgment" (Doc. # 18) and "Defendant Waypoint's Motion for Final Summary Judgment" (Doc. # 20), both filed on August 28, 2019. Each side filed responses in opposition. (Doc. ## 21, 22). For the reasons that follow, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

## Background

The facts are completely undisputed. Plaintiff Kerry Koehler received cable and/or internet service from Bright House Networks, LLC. On or about August 1, 2015, Koehler became delinquent on her account.

Subsequently, in May 2016, Charter Communications, Inc. purchased Bright House. On November 3, 2017, Defendant Waypoint Resource Group, LLC entered into an agreement with Charter Communications to collect

certain account receivables, including the debt owed by Koehler. On February 2, 2018, Waypoint sent a written collection letter to Koehler. Then, in May 2018, Waypoint reported the Koehler debt to one or more CRAs electronically through a Metro 2 Format. Per instructions from Charter Communications, Waypoint identified "Charter Communications" in the data field for the name of the creditor, which is titled "Original Creditor."

Koehler filed this lawsuit on August 20, 2018, bringing a single count under the Fair Debt Collection Practices Act (FDCPA) against Waypoint. The premise of Koehler's FDCPA claims is that Waypoint erred by reporting the original creditor as "Charter Communications" rather than "Bright House" in its report to the CRAs. Koehler contends that this error constitutes a "false and misleading representation" or "unfair practice" in violation of the FDCPA.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

## Analysis

All of Koehler's FDCPA claims are based on Waypoint's error in reporting the original creditor as "Charter Communications" rather than "Bright House" to the CRAs. However, several courts have concluded that "allegations that a creditor did not follow industry standards or otherwise erroneously reported information to a CRA [are] insufficient to state a claim under the FDCPA." *Dash v. Midland Funding LLC*, Case No. 8:16-cv-2128-T-36AAS, 2017 WL 841116, at *2 (M.D. Fla. Mar. 3, 2017); *see, e.g., Lee v. Sec. Check, LLC*, Case No. 3:09-CV-421-J-12TEM, 2010 WL 3075673, at *8 (M.D. Fla. Aug. 5, 2010) ("The [FDCPA] does not purport to impose civil liability for furnishing erroneous information to a credit reporting agency or for failing to correct erroneous information provided to a credit reporting agency."); *Acosta v. Campbell*, Case No. 6:04-cv-761-Orl-28DAB, 2006 WL 146208, at *13 (M.D. Fla. Jan. 18, 2006) ("The FDCPA does not prohibit a debt collector from communicating to agencies, and a communication, in and of itself, to a consumer reporting agency, does not support a cause of action under the FDCPA."). The Court finds the reasoning and analysis presented in these cases persuasive. As such, the Court concludes that Koehler's allegations, as a matter of law, are insufficient to state a claim for relief under the FDCPA. Consequently, Koehler's Motion for Summary Judgment is denied, and Waypoint's Motion for Summary Judgment is granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  "Plaintiff's Motion for Summary Judgment" (Doc. # 18) is **DENIED**.

(2)  "Defendant Waypoint's Motion for Final Summary Judgment" (Doc. # 20) is **GRANTED**.

(3)  The Clerk is directed to enter judgment in favor of Defendant Waypoint Resource Group, LLC and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of November, 2019.

TOM BARBER
UNITED STATES DISTRICT JUDGE